**MARNON v. UNITED STATES.**
**Civ. A. No. 5463.**

United States District Court
W. D. New York.

July 27, 1953.

Kenneth P. Daumen, Buffalo, N. Y., for plaintiff.

John O. Henderson, U. S. Atty., by James R. Privitera, Asst. U. S. Atty., Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

This is an action by plaintiff to recover the proceeds of a policy of National Service Life Insurance for $5,000 based upon the application of William H. Marnon, Jr. in which plaintiff was named as beneficiary. Trial was had before the court without a jury.

The essential facts are as follows: William H. Marnon, Jr. had two periods of active military service, February, 1943 to October, 1945 and November 19, 1946 to August 24, 1948, when he died as the result of a service connected airplane accident; that the insured made application for National Service Life insurance effective February 5, 1943, which insurance lapsed, and, the insurance, the subject matter of this lawsuit, which was to be effective May 1, 1948; that in the application produced by defendant, plaintiff was named as beneficiary; that in the application it stated the "amount of first premium" to be $3.35 whose payment was to be made by "allotment from active service pay" effective "May 1948"; that pursuant to the application made more than 120 days after entrance into active service insured was given a physical examination by which it was determined that insured met the necessary health requirements and his application was approved; that the insured died August 24, 1948. It also appears from defendant's records that no premiums were deducted from insured's active service pay.

Plaintiff claims that it was the duty of defendant to make deductions from insured's active service pay and to see to the payment of the insurance premiums. Defendant has taken the position that it

had no obligation to the insured to make such deductions and pay the insurance premiums because the defendant's records of insured did not include WD AGO Form 141, "Allotment of Pay Notification Form," duly executed by insured authorizing premium deduction in the amount of $3.35 per month for payment of insurance premium.

It appears that during the pendency of plaintiff's claim, he was requested to forward to defendant (Department of the Air Force) what evidence he might have with respect to WD AGO Form 141; that he sent a carbon copy filled in of such a form found with the insured's papers; that questions 13 and 14 of the application were checked and relate to method of payment of first and future premiums; that those questions were checked for payment from active service pay; that when payments were to be made from active service pay, the applicant was normally required to make out and sign a WD AGO Form 141 before leaving the office; that the commanding officer, after his investigation of plaintiff's claim, stated in a letter to Veterans' Administration in reference to this claim: " * * * since it is obvious that an application was executed, it is also obvious that a WD AGO form #141 was accomplished at the same time and evidently lost through administrative error;" that the summary court officer assigned by the Commanding Officer to assist claimant wrote, after having made some investigation, " * * * I believe there is a policy with National Service Life. * * *;" that in no two instances of pay rolls in evidence did the insured receive and sign the pay rolls for identical amounts of "balance paid"; that the "total allot. and deduction" shown on the pay rolls is not itemized; that some records are destroyed six months after execution, and in this case the destruction of records hampered the obtaining of evidence; that plaintiff's claim was denied and upon appeal to the Board of Veterans Appeals the appeal was denied; that in the Board's determination it was stated "WD AGO Form 141, Allotment of Pay Notification Form, duly executed by this serviceman authorizing a Class N allotment in the sum of $3.35 monthly, is not contained in his (military) records;" and that this decision of the Board "constitutes final administrative denial of this claim."

There seems to have been an established practice that where the applications for National Service Life insurance were made the person authorized to take such application was instructed to obtain from the applicant an executed form referred to as WD AGO Form 141 which was an "Allotment of Pay Notification Form." The requirement of Form 141 does not specifically appear on the application. The function of the particular form apparently was to advise the paymaster to deduct and pay insurance premiums because of the application having been filed elsewhere than with him.

Plaintiff has made out a prima facie case. The only proof made by defendant relates to whether or not the carbon copy of WD AGO Form 141 in evidence bearing a signature written in ink is a duplicate original of a top or ribbon typed form which was conceded by the commanding officer to have been filed "and evidently lost through administrative error." Thorn v. Browne, 8 Cir., 257 F. 519, certiorari denied 250 U.S. 645, 39 S.Ct. 494, 63 L. Ed. 1187; 31 C.J.S., Evidence, §§ 139, 146, pp. 788, 798. The defendant's proof does not come near to upsetting, or even attacking, the presumption existing in plaintiff's favor as to WD AGO Form 141 having been made and filed. The plaintiff's effort resolved itself more particularly into the single item of whether or not Form 141 had been made and filed. Defendant has failed to produce evidence to rebut plaintiff's proof. I must find that plaintiff upon the record has established his cause of action and that defendant has not overcome or created by substantial evidence to the contrary, proof sufficient for any other determination.

Present findings in accord herewith, including deduction for earned and unpaid insurance premiums.